UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TRACI SINGH,**

        **Plaintiff,**

**v.**                                                **Case No: 6:22-cv-1365-RBD-EJK**

**ORLANDO HEALTH, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant's Motion for Sanctions (Doc. 17), filed January 19, 2023. *Pro se* Plaintiff did not respond to the Motion for Sanctions. After the time to respond had passed, the undersigned took the Motion for Sanctions under advisement (Doc. 21) and set it for a hearing on March 1, 2023. Plaintiff did not appear at the hearing. (Doc. 23.) Upon consideration, I respectfully recommend that the Motion for Sanctions be granted.

**I.**      **BACKGROUND**

On August 3, 2022, Defendant removed this Family Medical Leave Act case, 29 U.S.C. §§ 2601–2654, alleging claims for retaliation and interference, from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida. (Docs. 1; 1-3.) Plaintiff was initially represented by two attorneys, whom the undersigned later permitted to withdraw from their representation, without objection from Plaintiff, on December 5, 2022. (Doc. 13.) In the order permitting withdrawal, the undersigned informed Plaintiff of her responsibilities now that she was proceeding

as a *pro se* litigant. (*Id.*)

On December 15, 2022, Defendant filed a Motion to Compel Plaintiff to respond to Defendant's First Set of Interrogatories and First Request for Production of Documents. (Doc. 14.) Plaintiff did not respond to the Motion to Compel, so on January 4, 2023, the undersigned granted that Motion as unopposed and ordered Plaintiff to respond to Defendant's First Set of Interrogatories and First Request for Production of Documents on or before January 18, 2023. (Doc. 16.)

Plaintiff did not respond to Defendant's discovery, so Defendant filed the instant Motion for Sanctions. (Doc. 17.) Therein, Defendant states that Plaintiff has not responded to Defendant's First Set of Interrogatories and First Request for Production. (*Id.*) As a result, Defendant requests that the Court: (i) dismiss Plaintiff's lawsuit against Defendant with prejudice; and (ii) order Plaintiff to pay the expenses, including attorneys' fees, incurred by Defendant in making this Motion and its Motion to Compel. (*Id.* at 4.)

## II.   STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party fails to obey a court's order to provide discovery, the court may enter orders:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;

> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). Thus, Rule 37 allows for the imposition of sanctions against litigants, including *pro se* litigants, for failure to comply with discovery orders, including dismissal of the action. *Id.*; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III. DISCUSSION

### A. Dismissal

Defendant requests that Plaintiff's case be dismissed with prejudice for Plaintiff's failure to comply with a discovery order. It is clear that Plaintiff failed to comply with this Court's January 4, 2023 Order granting Plaintiff's Motion to Compel. (Docs. 16; 17.) "If a pro se litigant ignores a discovery order, [she] is and should be subject to sanctions like any other litigant." *Moon*, 863 F.2d at 837. Moreover, the undersigned gave Plaintiff an additional opportunity to be heard on this matter, and set the Motion for Sanctions for hearing. (Doc. 21.) However, Plaintiff did not attend.[1]

In short, Plaintiff has had multiple opportunities to prosecute this case, but has failed to do so, despite the Court's orders and warnings. Because Plaintiff has made no attempt to comply with the undersigned's Order, engage in discovery with

---

[1] In the February 10, 2023 Order taking the Motion for Sanctions under advisement, the undersigned cautioned Plaintiff that failure to appear in person at the hearing set for March 1, 2023 would result in the recommendation from the undersigned that the Court dismiss her case. (Doc. 21 at 1.)

Defendant, or attend the hearing, the undersigned respectfully recommends that the Court dismiss Plaintiff's case. *Moon*, 853 F.2d at 839 (finding district court did not abuse its discretion in dismissing a case brought by a *pro se* litigant where he did not comply with prior court orders).

### B. Expenses

Defendant also requests that the Court award expenses, including attorneys' fees, incurred by it in bringing the instant Motion and the Motion to Compel. As to the Motion to Compel, under Federal Rule of Civil Procedure 37, attorney's fees must be paid, subject to limited exceptions, if a motion to compel discovery responses is granted. Fed. R. Civ. P. 37(a)(5)(A). None of the exceptions apply here, since Defendant attempted to confer with Plaintiff prior to bringing the Motion to Compel (Doc. 13 at 3), Plaintiff's failure to respond is not substantially justified, and there are no other circumstances of which the undersigned is aware that would make the award of fees unjust. Plaintiff had ample opportunity to respond to the Motion to Compel and to attend a hearing before the undersigned, but it appears from Plaintiff's lack of participation in this litigation that she has abandoned her case.

As to the Motion for Sanctions, Federal Rule of Civil Procedure 37 allows the Court to order the disobedient party to pay the expenses, including attorney's fees, caused by the failure to obey a discovery order unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C). For the reasons discussed *supra*, these exceptions do not apply here. Therefore, I respectfully recommend that the Court award Defendant its expenses,

including attorneys' fees, incurred in bringing the Motion for Sanctions (Doc. 17) and Motion to Compel (Doc. 14).

## IV. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Defendant's Motion for Sanctions (Doc. 17) as follows:

1. **DISMISS** Plaintiff's Complaint (Doc. 1-3) **WITH PREJUDICE**;
2. **AWARD** Defendant its reasonable expenses incurred in bringing the Motion for Sanctions (Doc. 17) and Motion to Compel (Doc. 14); and
3. **DIRECT** Defendant to file a motion requesting its reasonable expenses fourteen days after the entry of an Order adopting this Report & Recommendation.

## NOTICE TO PARTIES

The party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on March 2, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE